[S. F. No. 4785.   In Bank.—December 23, 1908.]

STATE COMMISSION IN LUNACY, Respondent, v. JOHN WELCH, as Treasurer of San Benito County, Appellant.

PLACE OF TRIAL—MANDAMUS AGAINST COUNTY TREASURER—FAILURE TO PAY MONEY DUE STATE—COUNTY OF DEFENDANT'S RESIDENCE.—A proceeding in *mandamus,* against the treasurer of a particular county, to compel him, as such treasurer, to pay to the state treasurer a sum alleged to be due the state from the defendant as treasurer of such county, on account of children committed from said county to the California Home for Feeble Minded Children, is triable, under section 395 of the Code of Civil Procedure, in the county in which the defendant resided when the proceeding was begun. Such a proceeding is not one which is triable in Sacramento County, under section 393 of that code, notwithstanding the neglect and refusal to perform the duty of paying over the money to the state treasurer occurred in that county.

ID.—ACTIONS AGAINST PUBLIC OFFICER—WHERE TRIABLE.—The provision of subdivision 2 of section 393 of the Code of Civil Procedure, to the effect that actions against a public officer for an act done by him in virtue of his office, must be tried in the county where the cause of action or some part thereof arose, applies only to such affirmative acts of an officer as directly interfere with the personal rights or property of the person complaining, such as wrongful arrests, trespass, and conversion.

CONSTRUCTION OF CODE PROVISIONS—SIMILAR PROVISIONS OF PRACTICE ACT.—Where a provision of the former Practice Act is embodied *in haec verba* in the Code of Civil Procedure, it is to be presumed that the legislature intended it to have the same meaning in the latter enactment as it had received in the former.

APPEAL from an order of the Superior Court of Alameda County refusing a change of the place of trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

H. W. Scott, and Briggs & Hudner, for Appellant.

John W. Stetson, for Respondent.

THE COURT.—This is an appeal from an order denying a motion of the defendant for a change of the place of trial.

The action was begun in the superior court of Alameda County. It is a proceeding in *mandamus* against the defend-

ant, as treasurer of San Benito County, to compel him, as such treasurer, to pay to the state treasurer the sum of $1460, alleged to be due the state from the defendant as treasurer of San Benito County, on account of children committed from said county to the California Home for Feeble Minded Children. The defendant resides in San Benito County. He asks for a change of venue to that county on the ground that he resided there when the action was begun. The general rule, as stated in section 395 of the Code of Civil Procedure, is that an action must be tried in the county in which the defendant resides at the commencement of the action, and, unless this case falls within some of the statutory exceptions to this rule, the motion should have been granted.

The plaintiff's claim is that it falls within the class described in section 393 of the Code of Civil Procedure, declaring that certain actions "must be tried in the county where the cause, or some part thereof, arose." Subdivision 2 places within this class all actions "against a public officer . . . for an act done by him in virtue of his office."

Section 3866 of the Political Code provides as follows: "The treasurers of all the counties or cities and counties of this state must, between the fifteenth and thirtieth days of December and May of each year, proceed to the state capitol and settle in full with the controller of state, and pay over in cash to the treasurer of state, all funds belonging to the state which have come into their hands, as county treasurers, before the close of business on and including the first Monday of said months." Section 2192 of the Political Code requires each county to pay to the state treasury ten dollars per month for each person committed from such county to the Home for the Feeble Minded. By section 2193 of the Political Code the county auditors are required to include in their report to the state controller in the months of May and December the amount due from the county to the state on account of such commitments, and it is made the duty of the county treasurer, "at the time of the settlement with the state in such months," to pay said amount to the state treasurer. This means that the county treasurer must take the money or its equivalent with him to Sacramento and there pay it over to the state treasurer at the capitol. This duty must be performed in Sacramento County and, if there is a failure of the treasurer

while there to pay the money due, that breach of duty takes place in Sacramento. The complaint alleges that the defendant failed, neglected, and refused to pay said money to the state treasurer. It does not aver that he did not proceed to Sacramento, as the law requires, but merely that he failed, neglected, and refused to make the payment.

From this the plaintiff argues that the cause of action arose where the breach of duty must have occurred,—namely in Sacramento County, and that that county is the proper place for the trial of the action. To the suggestion that in any event Alameda County is not the proper place of trial under the statute, plaintiff answers that the cause may be begun and tried in that county or any county, if no proper and valid objection is made, that the mere fact that it should have been begun and tried in Sacramento County is no ground for transferring it to San Benito County, which is no more the lawful county than Alameda, and that the application is to change the venue to San Benito County and not to Sacramento County. This answer fully meets and disposes of the suggestion, based, as it is, on the assumption that Sacramento is the proper county for trial. This assumption, however, is contrary to the previous decisions of this court in regard to the proper construction of the section in question.

Under these decisions the clause of section 393 of the Code of Civil Procedure, upon which the plaintiff relies, does not apply to the present case. The old Practice Act [Stats. 1851, p. 53] contained a provision in regard to change of venue in precisely the same language as that of subdivision 2 of section 393, above quoted. With regard to this provision it was held that it "applies only to affirmative acts of the officer, by which, in the execution of process, or otherwise, he interferes with the property or rights of third persons, and not to mere omissions or neglect of official duty." (*McMillan* v. *Richards,* 9 Cal. 420, [70 Am. Dec. 655].) With this interpretation thus fixed by that decision, the legislature in 1872 re-enacted the same provision in the Code of Civil Procedure. This implies that the legislature intended it to have the same meaning in the new enactment that it had received before in the Practice Act. (*Hyatt* v. *Allen,* 54 Cal. 6.) The construction of section 393 of the Code of Civil Procedure was before this court in *Bonestell etc. Co.* v. *Curry,* 1   Cal. 418, [95 Pac. 887]. That

was an action begun in the city and county of San Francisco against Curry, as secretary of state, and Zellerbach & Sons, to whom Curry had officially awarded a contract for paper to use in the state printer's office. The suit was to enjoin further action in pursuance of the contract. Zellerbach & Sons resided in San Francisco. A motion was made to change the venue to Sacramento County on the ground that the case came within the purview of section 393 and must be tried in that county, notwithstanding the fact that some of the defendants actually resided in San Francisco. The court followed *McMillan* v. *Richards,* 9 Cal. 420, [70 Am. Dec. 655], and held that the language of subdivision 2 "contemplates only such affirmative acts of an officer as directly interfere with the personal rights or property of the person complaining, such as wrongful arrests, trespass, conversion, etc.," and that the acts enjoined were not of that character.

From this it follows that, although the neglect and refusal to perform the duty. of paying over the money to the state treasurer occurred in Sacramento County, and is a breach of duty which constitutes a cause of action against the defendant, yet it is not an action which, under section 393, must be tried in that county, but one which, under section 395, is triable in the county in which the defendant resided when it was begun. The case does not come within any exception to this latter rule and the motion should have been granted.

The order is reversed.