[Civ. No. 3915.  First Appellate District, Division Two.—November 14, 1923.]

## CHAS. E. GOSS et al., Appellants, v. GEORGE BROWN, Respondent.

[1] PLACE OF TRIAL—TRANSFER TO COUNTY OF DEFENDANT'S RESIDENCE —FILING OF CROSS-COMPLAINT WITH ANSWER.—A defendant, by filing a cross-complaint with his answer at the time he files the moving papers, does not thereby waive his right to have the place of trial changed to the county of his residence.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion for a change of place of trial. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hankins & Hankins and Olin F. Nuckolls for Appellants.

A. J. Carlson for Respondent.

NOURSE, J.—Plaintiffs appeal from an order granting defendant's motion for a change of place of trial from the city and county of San Francisco, in which the action was commenced, to Stanislaus County, the county of defendant's residence.

[1] The moving papers are conceded to be in due and proper form and to entitle defendant to a change of venue, except that, concurrently with their service and filing, the defendant also filed a cross-complaint. The only point involved on appeal is whether defendant, by filing a cross-complaint with his answer at the time he filed the moving papers, waived his right to have the place of trial changed to the county of his residence.

Undoubtedly a failure to assert this right in the manner provided by section 396 of the Code of Civil Procedure would be deemed a waiver of the right. But defendant has strictly complied with the provisions of that section. It requires that a defendant file an affidavit of merits and make the demand for the change of the place of trial at the time he answers or demurs. This the defendant did. We do not think he lost the right which then arose under the statute merely because, in addition, he filed a cross-complaint. Section 442 of the Code of Civil Procedure provides that a cross-complaint may be filed at the same time as the answer, or *by permission of the court* subsequently. As said, in a somewhat similar situation, in *Pittman* v. *Carstenbrook*, 11 Cal. App. 224, 228–230 [104 Pac. 699, 702], "it would be a very harsh rule to hold that by following the statute the defendant waives a privilege conferred by the statute. . . . It is true that the privilege (to have the place of trial changed) may be waived impliedly as well as expressly, but

in order to do so there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of fact or of law. The filing of the amended demurrer does not indicate this intention, although it might just as well have been filed after the cause was transferred.'' In the case at bar the defendant, in order to protect his rights under the cross-complaint, was required to either file his cross-complaint with his answer or to trust to the discretion of the trial court to permit him to file it after the cause had been transferred. A similar situation arose also in *Wood, Curtis & Co.* v. *Herman Mining Co.,* 139 Cal. 713, 717 [73 Pac. 588, 589], where the court say: ''He [defendant] must either appear by answer or demurrer, and if he does either he is entitled to be heard on his motion. We see no reason why the defendants in the present case could not also file a motion to strike out parts of the complaint. The purpose of the statute is to require the defendant to appear, and also to show that he has a meritorious defense. . . . We think the motion was no waiver of defendants' rights.'' In view of the statutory provisions referred to, we do not think the reasoning of the Texas cases cited by appellant applicable in this jurisdiction.

Order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1924.