[Civ. No. 6107.   Third Appellate District.—February 3, 1939.]

E. GALLO et al., Respondents, v. BOYLE MANUFACTURING COMPANY, INC. (a Corporation), Appellant.

Gibson, Dunn & Crutcher, Hawkins, Hawkins & Cardoza, J. W. Hawkins and Ira C. Powers for Appellant.

Edward T. Taylor for Respondents.

THOMPSON, J.—The plaintiffs have moved to dismiss the appeal in this case on the ground that the issues have become moot. The plaintiffs filed suit in Stanislaus County for damages for a breach of the warranty of sale of certain casks containing wine, "f.o.b. Modesto". The defendant is a corporation. It moved for a change of venue to Los Angeles County, which is its principal place of business. At the same time a demurrer to the complaint was filed. The motion was made under the provisions of section 395 of the Code of Civil Procedure and denied, pursuant to article XII, section 16, of the Constitution, on the theory that the contract was to be performed in Stanislaus County. The Constitution provides in that regard:

"A corporation or association may be sued in the county where the contract is made *or is to be performed,* or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

At the time the motion for a change of venue was denied the defendant's demurrer to the complaint was also overruled. From the order denying the change of venue, the defendant promptly appealed. Subsequent to the perfecting of the appeal, to preserve its legal rights the defendant filed an answer and cross-complaint. Pending the appeal, at the time the cause was set for trial, by leave of court first ob-

tained, the defendant filed an amended answer and cross-complaint.

On this motion to dismiss the appeal it is contended the appellant waived its right to a change of place of trial to Los Angeles County by amending its answer and cross-complaint after the appeal was perfected, and that the issue to be determined on appeal thereby became moot. There is no merit in this motion to dismiss the appeal. (*Goss* v. *Brown,* 64 Cal. App. 381 [221 Pac. 683].) In the case cited, in which a hearing was denied by the Supreme Court, under similar circumstances, it was held the subsequent filing of an answer and cross-complaint does not constitute a waiver of the right to change the place of trial. Quoting with approval from the case of *Pittman* v. *Carstenbrook,* 11 Cal. App. 224 [104 Pac. 699], it is said in the Goss case:

" 'It would be a very harsh rule to hold that by following the statute the defendant waives a privilege conferred by the statute. . . . It is true that the privilege (to have the place of trial changed) may be waived impliedly as well as expressly, but in order to do so there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of the fact or of law. The filing of the amended demurrer does not indicate this intention, although it might just as well have been filed after the case was transferred.' In the case at bar the defendant, in order to protect his rights under the cross-complaint, was required to either file his cross-complaint with his answer or to trust to the discretion of the trial court to permit him to file it after the cause had been transferred.''

The preceding declaration of principal is determinative of the issue on this motion to dismiss the appeal.

In the present case after the motion for a change of venue had been denied, and the demurrer was overruled, it became necessary for the defendant, in order to protect its lawful rights, to answer the complaint. It is evident that it did not thereby intend to waive its claim to the right of a change of place of trial to the county in which its principal place of business was conducted. Section 442 of the Code of Civil Procedure authorizes a defendant to file a cross-complaint at the time of answering the complaint. If he seeks to file a cross-complaint later than that time he runs the risk of hav-

ing that privilege denied, for the same section declares that he may file a cross-complaint subsequent to the filing of his answer, *only by permission of court.*

It would be a harsh rule to imply a waiver of the asserted right to a change of venue, merely because a defendant followed the statutory requirement of protecting his right to a defense on the merits by filing an answer and a cross-complaint, pending the determination of his appeal from an order denying the transfer of the case. Such a construction of the law would amount to a virtual denial of the right of appeal from an order wrongfully refusing to change the place of trial, although section 963 of the Code of Civil Procedure specifically grants that privilege.

We therefore conclude the mere amending of an answer and cross-complaint, under the circumstances of this case, does not constitute a waiver of the right to a determination of a pending appeal from a previous order denying a motion for change of venue.

Since the motion to dismiss the appeal in this case is not presented in the alternative we may not be permitted to here determine the appeal on its merits.

The motion to dismiss the appeal is denied.

Pullen, P. J., concurred.