[Civ. No. 6126.   Third Appellate District.—August 11, 1939.]

JAMES B. BLOOM, as Surviving Trustee, etc., et al., Appellants, v. OROVILLE–WYANDOTTE IRRIGATION DISTRICT et al., Respondents.

W. Coburn Cook for Appellants.

Hankins & Hankins for Respondents.

BRUTON, J., *pro tem.*—On April 18, 1938, the Superior Court of Stanislaus County granted its alternative writ of mandate commanding respondents to pay certain monies due on bond obligations of the Oroville-Wyandotte Irrigation District, or to levy an assessment for such payment. The court also issued its temporary restraining order and order to show cause why respondents should not be enjoined from proceeding under the Bankruptcy Act of the United States. The respondents served and filed a motion to dissolve the restraining order and to dismiss the order to show cause; demand and notice of motion for change of venue; demurrer to the petition for writ of *mandamus,* and motion to quash the alternative writ.

The court thereafter heard and granted the motion for change of venue, taking no action on the demurrer or other motions.

Appellants (petitioners) urge two reasons for the reversal of the court's order changing the place of trial. They are:

1. The court was without authority to grant a change of venue.

2. The respondents waived their right to a change of venue by filing a motion to dissolve the temporary restraining order and a motion to quash the writ of *mandamus.*

Appellants urge that under a reasonable construction of sections 1085, 1090 and 1094 of the Code of Civil Procedure in a *mandamus* proceeding where no answer has been filed, and hence no issue of fact raised, the court where the action is filed must proceed to try the questions of law. However, this view completely ignores the provisions of paragraph 1 of section 395 of the Code of Civil Procedure which is the section applicable here. A proceeding in *mandamus* is subject to the same right to a change of place of trial as any other civil action.

All of the respondents reside in the county of Butte, and under the facts as here presented it would have been error for the court to have denied their motion to transfer the case to

that county. (*State Commission in Lunacy* v. *Welch*, 154 Cal. 775 [99 Pac. 181].)

We do not think that respondents waived their right to a change of venue by filing with their notice of motion therefor, a motion to dissolve the temporary restraining order and a motion to quash the writ of *mandamus*. The filing of these motions no more indicated an intention to invoke the jurisdiction of the court than would the filing of a demurrer or answer.

"It is true that the privilege (to have the place of trial changed) may be waived impliedly as well as expressly, but in order to do so there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance, for the trial of the questions of fact or law." (*Goss* v. *Brown*, 64 Cal. App. 381 [221 Pac. 683].)

The order is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.