[Civ. No. 17874.   Second Dist., Div. Two.   Oct. 17, 1950.]

WILLIAM A. LONDON et al., Appellants, v. WILTON M. MORRISON et al., Respondents.

Sylvan Y. Allen for Appellants.

Everett H. Smith for Respondents.

MOORE, P. J.—Plaintiffs appeal from (1) "the judgment or order" entered on January 25, 1950, setting aside the dismissal of the action entered by the clerk on plaintiffs' request; (2) the judgment or order entered on February 15, 1950, granting defendants' motion to dismiss the action and ordering plaintiffs' motion to dismiss off calendar. Inasmuch as the appeal involves technical procedural questions, a chronology of events from and after the filing of the complaint is essential to a consideration of the points discussed. They follow.

February 18, 1948, action filed.

September 25, 1948, demurrer and notice of motion for change of place of trial filed.

November 9, 1948, order entered changing place of trial to San Diego.

November 10, 1949, defendants file notice of motion to dismiss action under section 581b.*

December 15, 1949, plaintiffs file their request for entry of voluntary dismissal.

December 19, 1949, defendants' motion to dismiss the action is ordered off calendar.

January 4, 1950, defendants file notice of motions (1) to set aside plaintiff's voluntary dismissal and (2) to restore defendants' motion for dismissal to the calendar.

January 11, 1950, plaintiffs file their opposition to defendants' motion.

January 25, 1950, defendants' motion to set aside plaintiffs' voluntary dismissal is granted and defendants' motion to restore to the calendar their motion to dismiss the action is granted.

February 8, 1950, plaintiffs file notice of motion for permission to dismiss the action without prejudice.

February 15, 1950, order entered dismissing the action on defendants' motion under 581b and defendants are awarded judgment against plaintiffs for their costs.

Appellants' contentions are: (1) section 581† authorizes

---

*All section numbers refer to the Code of Civil Procedure.

†Section 581. An action may be dismissed in the following cases:

1. *By plaintiff*, by written request to the clerk, filed with the papers in the case, or by oral or written request to the justice where there is no clerk, at any time before the actual commencement of trial, upon payment of the costs of the clerk or justice; provided that a counter-claim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. If a provisional remedy has been allowed, the undertaking shall upon such dismissal be delivered by the clerk or justice of the peace to the defendant who may have his action thereon. A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence.

2. *By either party*, upon the written consent of the other. No dismissal mentioned in subdivisions 1 and 2 of this section shall be granted unless upon the written consent of the attorney of record of the party or parties applying therefor, or if such consent is not obtained upon order of the court after notice to such attorney.

3. *By the court*, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when, after a

any plaintiff to dismiss his action at any time prior to submission and such privilege is not discounted by section 581b‡; (2) section 581b authorizes the original court to dismiss, on the motion of either party, after the lapse of a year from the date of the order changing place of trial; (3) no hearing having taken place on defendants' motion for dismissal under section 581b, in the absence of an affirmative defense it was a statutory right of plaintiffs to order a dismissal; (4) defendants' motion having been filed first and both motions having been submitted together, plaintiffs' motion should have been granted; (5) jurisdiction to dismiss an action is retained by the original court; (6) the court had no authority to set aside the clerk's order of dismissal.

In support of such contentions appellants cite both sections 581 and 581b, also *Simpson* v. *Superior Court* (1945), 68 Cal. App.2d 821 [158 P.2d 46]; *Sullivan* v. *Compton* (1943), 61 Cal.App.2d 500 [143 P.2d 357]; *Cook* v. *Stewart McKee & Co.* (1945), 68 Cal.App.2d 758 [157 P.2d 868]; *McDonald* v. *California Timber Co.,* 2 Cal.App. 165 [83 P. 172]. Appel-

---

demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal.

4. *By the court,* with prejudice to the cause, when upon the trial and before the final submission of the case, the plaintiff abandons it.

5. [Dismissal with or without prejudice.] The provisions of subdivision 1, of this section, shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the justice, as the case may be, any cause of action at any time before decision rendered by the court. Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative `relief sought by his answer therein. Dismissals without prejudice may be had in either of the manners provided for in subdivision 1 of this section, after actual commencement of the trial, either by consent of all of the parties to the trial or by order of court on showing of just cause therefor.

‡Section 581b. No action heretofore or hereafter commenced, where the same was not originally commenced in the proper court, and which has been ordered transferred to the proper court, shall be further prosecuted, and no further proceedings shall be had therein, until the fees and costs of the transfer thereof and of filing the papers in the court to which transferred have been paid, as provided in Section 399 of this code; and all such actions heretofore or hereafter commenced must be dismissed by the court in which the action or proceeding was originally commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of making up the transcript or papers or for transmission of the same to the clerk or justice of the court to which it is ordered transferred, or of filing the papers anew, have not been so paid for one year after the entry of the order for transfer.

lants' arguments ignore legal logic and the cited authorities shoot wide of the mark.

From the chronology it is to be observed that the case was ordered to be transferred to the San Diego court for trial. Appellants were required to deposit with the clerk the costs and fees for the transfer before such transfer should be made. (§ 399.) Although such deposit was not made the order of transfer had divested the Los Angeles court of jurisdiction to take any other step in the action except one, namely, it was required to dismiss the action after one year had elapsed within which the costs and fees for making up the transcript "have not been so paid." (§ 581b.) The court to which an action has been transferred shall have and exercise over it the same jurisdiction it would have had if it had been originally commenced therein. But such court does not acquire jurisdiction until the transfer fee has been paid and the papers filed in that court. The San Diego court never acquired jurisdiction of the case and since the Los Angeles court had none, it was an idle act for appellants to order a voluntary dismissal or for the clerk of the court to accept it. Had they paid the fees to and filed a voluntary dismissal in the San Diego court, appellants would now be on solid ground. But their act in ignoring the order of change of place of trial renders their position untenable.

By filing the voluntary dismissal, they undertook to defeat respondents of such rights as might attach to a judgment of dismissal. They knew that a year had elapsed after entry of the order of transfer and that respondents had already filed their motion for a dismissal of the action under the provisions of section 581b. In filing the voluntary dismissal they were in no better position than is the plaintiff who files a dismissal after a cause has been fully tried or a demurrer sustained without leave to amend. Whenever such action has been attempted it ended disastrously for the moving party. (*Goldtree* v. *Spreckels*, 135 Cal. 666 [67 P. 1091]; *Provencher* v. *City of Los Angeles*, 10 Cal.App.2d 730 [52 P.2d 983]; *Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637; *Spellacy* v. *Superior Court*, 23 Cal.App.2d 142 [72 P.2d 262].

Appellants contend that under section 581 they had a distinct authorization to dismiss at any time prior to a submission and that such right is not impaired by 581b. By such contention they disregard the doctrine that when a statutory exception exists with reference to an asserted right a

litigant must bring himself within the exception. Section 581b is a separate statute of equal authority with that of 581. Also, since respondents obtained the order for transfer and a year having expired, they gained a definite substantial right under 581b for a mandatory order of dismissal. No reasonable construction of 581 can override 581b. The latter is not a permissive statute, but is positive and mandatory. *Such action must be dismissed by the court wherein it was commenced where the costs and fees of making up the transcript for transmission to the transferee court have not been so paid for one year after the order of transfer.* McDonald v. California Timber Co., 2 Cal.App. 165 [83 P. 172], is not pertinent. The plaintiff there dismissed the action prior to a hearing of the motion for change of place of trial.

In view of the foregoing it would be useless to discuss other points raised by appellants.

Both orders are affirmed.

McComb, J., and Wilson, J., concurred.