[Civ. No. 23341. Second Dist., Div. Three. Nov. 17, 1958.]

WESTERN GREYHOUND LINES (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; ELIZABETH RITCHIE, Real Party in Interest.

Gilbert, Thompson & Kelly and W. I. Gilbert, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondents.

Raymond R. Roberts and Corman & Hansen for Real Party in Interest.

VALLÉE, J.—Proceeding in mandamus to compel the superior court to dismiss an action and to command the clerk thereof not to transmit the action to the Superior Court of the City and County of San Francisco.

On November 28, 1956, Elizabeth Ritchie, the real party in interest, filed an action in the Superior Court of the County of Los Angeles for damages for personal injuries. The complaint named petitioner as a defendant and alleged that about July 16, 1956, the plaintiff sustained personal injuries in the vicinity of the San Francisco terminal of petitioner. Thereafter petitioner filed in the action a motion for a change of place of trial to the Superior Court of the City and County of San Francisco.

On January 4, 1957, the motion was granted. The minute order granting the motion reads:

"Motion of defendant Pa- MOTION GRANTED
cific Greyhound Lines, a
corporation, for change
of venue to City and
County of San Francisco"

The minute order was entered the same day. No other order was made.

On January 24, 1958, petitioner filed a motion to dismiss the action. The ground of the motion was that plaintiff had failed within one year from the date the motion for change of place of trial was granted to cause the action to be transferred to the proper court and had failed to pay the costs and fees of such transfer. The motion was denied.

Section 399 of the Code of Civil Procedure, so far as pertinent, reads:

"When an order is made transferring an action or proceeding under any of the provisions of this title, the clerk . . . must, upon payment of the costs and fees, transmit the pleadings and papers therein . . . to the clerk . . . of the court to which the same is transferred."

Petitioner seeks a writ compelling the superior court to dismiss the action and commanding the clerk not to transfer it. It is undisputed that the plaintiff did not pay the costs and fees of the transfer within one year after the entry of the order of transfer. It was the obligation of plaintiff to pay the costs and fees of the transfer if it was in fact made. (Code Civ. Proc., § 399.) If the "costs and fees of making up the transcript or papers or for transmission of the same to the clerk or judge of the court to which it is ordered transferred, or of filing the papers anew, have not been so paid for one year after the entry of the order for transfer," the action must be dismissed. (Code Civ. Proc., § 581b.) Section 581b is mandatory, and if the costs and fees are not paid in time the action must be dismissed. (*Davis* v. *Superior Court*, 184 Cal. 691, 693, 695 [195 P. 390]; *Detels* v. *Lawrence*, 54 Cal.App. 275, 276 [201 P. 608]; *London* v. *Morrison*, 99 Cal.App.2d 876, 879 [222 P.2d 941].)

The real party in interest contends the minute order granting the motion was not adequate to authorize the clerk to transfer the action and that the action is still pending in the County of Los Angeles.

On a proper showing in an action, "the court shall . . . order the same transferred to the proper court." (Code Civ. Proc., § 396b.) The duty of the clerk is imposed when "an order is made transferring an action," on payment of the costs and fees. (Code Civ. Proc., § 399.) No action "which has been ordered transferred" shall be further prosecuted until the costs and fees have been paid, and the action must be dismissed if the costs and fees for making up and transmitting the record to the clerk of the court to which the action "is ordered transferred" have not been paid for one year after the entry of "the order for transfer." (Code Civ. Proc., § 581b.)

Thus the question is: Did the minute order entered June 4, 1957, transfer the action? We have no doubt that it did. The minute order of the court was a final judgment from which an appeal could have been taken. (*Jablon* v.

*Henneberger,* 33 Cal.2d 773, 775 [205 P.2d 1].) In *Maxwell* v. *Perkins,* 116 Cal.App.2d 752 [255 P.2d 10], the trial court on November 19, 1951, signed and filed a memorandum which said, "The motions of . . . for change of venue to Santa Clara County are granted." A minute order dated November 19, 1951, was entered by the clerk on December 13, 1951, reading in part: "The motions of . . . for Change of Venue to Santa Clara County are granted." The court held the order was effective to transfer the action.

■ The true measure of an order is not an isolated phrase appearing therein, but its effect when considered as a whole. (*Roraback* v. *Roraback,* 38 Cal.App.2d 592, 596 [101 P.2d 772].) ■ "If the language used in determining a motion is such as to identify with reasonable certainty the order which is made, such order, if otherwise tenable, will be given effect." (*Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383, 389 [121 P.2d 829].) ■ In construing an order, resort may be had to the notice of motion. (*Cox* v. *Tyrone Power Enterprises, supra,* 389; *Bailey* v. *Superior Court,* 142 Cal. App.2d 47, 57 [297 P.2d 795].)

■ The minute order does not lack any requisite of a final judgment. The notice of motion specifically stated petitioner would move the court for an order transferring the action from the Superior Court of the County of Los Angeles to the Superior Court of the City and County of San Francisco. The minute order definitely stated that the motion of petitioner for change of venue was granted. It was an order transferring the action; and its effect was to direct the clerk, on payment of the costs and fees, to transmit the pleadings and papers therein to the clerk of the Superior Court of the City and County of San Francisco.

Let a peremptory writ issue as prayed.

Shinn, P. J., and Wood (Parker), J., concurred.