[Civ. No. 28399. First Dist., Div. Four. Dec. 29, 1970.]

AMIELE MOORE et al., Petitioners, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
DAVID ORETSKI, Real Party in Interest.

COUNSEL

Bronson, Bronson & McKinnon and Charles F. Wilkinson for Petitioners.

No appearance for Respondent.

Norman Harris for Real Party in Interest.

OPINION

**DEVINE, P. J.**—Petitioners for a writ of mandate are defendants in an automobile damages case which was filed in the superior court in San Francisco. A motion for change of venue to Sonoma County was granted on March 19, 1969, and notice of the order was served on plaintiffs on March 20, 1969. The costs and fees which are required to be paid in order to effect transfer under Code of Civil Procedure section 399 were not paid until March 24, 1970, five days after one year from the entry of the order. But at the time of the depositing of the fees with the county clerk in San Francisco, the court had not dismissed the action on its own motion, nor had there been filed a notice of motion to dismiss.

Section 399 of the Code of Civil Procedure provides that the clerk *must*, upon payment of the costs and fees, transmit the pleadings and papers to the clerk of the court to which the action is transferred. This section makes no reference to the period of one year from date of the order of transfer as terminating the clerk's duty. The county clerk in San Francisco, following the mandate of section 399, transmitted the pleadings and papers to the county clerk of Sonoma County.

On March 25, 1970, attorneys for defendants attempted to file a notice of motion to dismiss, supported by a declaration, in the superior court in San Francisco. The county clerk refused to file the notice of motion on the ground that the papers were already in the mail. Defendants made no further attempt to invoke the jurisdiction of the court in San Francisco, such as by requesting that the court dismiss the case on its own motion, or that the court direct the clerk to file the notice of motion. Defendants did file a notice of motion to dismiss in the superior court in Sonoma County on March 31, 1970.

In the transferee court the defendants relied on section 581b of the Code of Civil Procedure. We quote this section in full, separating it, however, into two parts for convenience in discussing it, the separation being

marked by "//": "No action heretofore or hereafter commenced, where the same was not originally commenced in the proper court, and which has been ordered transferred to the proper court, shall be further prosecuted, and no further proceedings shall be had therein, until the fees and costs of the transfer thereof and of filing the papers in the court to which transferred have been paid, as provided in Section 399 of this code; // and all such actions heretofore or hereafter commenced must be dismissed by the court in which the action or proceeding was originally commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of making up the transcript or papers or for transmission of the same to the clerk or judge of the court to which it is ordered transferred, or of filing the papers anew, have not been so paid for one year after the entry of the order for transfer."

The first part of this section contains nothing about dismissal. It simply forbids further proceedings until the fees and costs have been paid. But in order to prevent delay resulting from the plaintiff's failure to pay, the section authorizes any other party interested therein, usually the defendant, to pay. Thereupon, the physical transfer would take place as required by section 399. The party other than plaintiff who pays may recover the amount as an offset or as costs. (Witkin, Cal. Procedure (1965 Supp.) § 263, p. 311.) The first part of section 581b has reference particularly to the prevention of proceedings pending the payment of fees and costs.

The second part of the section is the one which has to do with dismissal. It provides that an action *must be dismissed by the court in which the action or proceeding was originally commenced,* where the costs have not been paid for one year after entry of the order. The action does not die upon expiration of the year. The mortal blow must be struck by the court. Although there are words in some of the cases to the effect that the court has no jurisdiction to do anything but dismiss if the fees are not paid within the year (*London* v. *Morrison,* 99 Cal.App.2d 876 [222 P.2d 941]; *Western Greyhound* v. *Superior Court,* 165 Cal.App.2d 216, 218 [331 P.2d 793]), nevertheless the statute is not without implied exceptions. For example, in *South* v. *Wishard,* 165 Cal.App.2d 8 [331 P.2d 227], it was held that where the plaintiff has appealed from the order granting a change of venue, he need not pay the transfer fees during the pendency of his appeal, and the time during which his appeal is pending is to be excluded from the one year prescribed by the statute (at p. 11). (Although mandate has been substituted for appeal in transfer orders, by Code of Civil Procedure section 400, the example remains valid for the new procedure.) In *Davis* v. *Superior Court,* 184 Cal. 691, 695 [195 P. 390], the Supreme Court has mentioned another possible exception, namely, that if plaintiff

had been prevented from making the payment by some fraud or other conduct of the defendant, this would have created an estoppel against him to claim benefit of the provisions requiring a dismissal. Probably, there may also be circumstances of waiver on the part of the defendants. (See *Bloom* v. *Oroville-Wyandotte Irr. Dist.,* 34 Cal.App.2d 102 [93 P.2d 164]; *Pittman* v. *Carstenbrook,* 11 Cal.App. 224 [104 P. 699].) ■ The point that we make here is that positive action by the court is necessary in order to effect dismissal and that such positive action may in certain cases, albeit exceptional ones, be averted. Therefore, we must look to the statute to find procedure for the extreme act of dismissal. The statute refers to the *transferor court* only. It says nothing about power or duty of the transferee court in cases where the clerk, in obedience to Code of Civil Procedure, section 399, has transmitted the papers. The judge of the superior court in Sonoma County, having considered the motion to dismiss after the filing of briefs, filed an order denying dismissal.

In the order the judge points out that as section 581b of the Code of Civil Procedure was originally enacted in 1913, it mandated the *transferee court* to dismiss where the necessary payment had not been made. At that time, payment of the fees was to be made to the transferee court. In 1933, section 399 was amended (Stats. 1933, ch. 744, § 11, p. 1844) to require payment to the transferor court as a condition of transfer, and at the same time section 581b was amended (Stats. 1933, ch. 744, § 90, p. 1869) by eliminating its reference to dismissal by the transferee court—a logical concomitant of the conditional payment rule, because the file would remain with the original court until payment. In 1943, section 581b was amended again (Stats. 1943, ch. 150, § 1, p. 1043), now mentioning *only* the transferor court, where the file would remain until payment, as the one mandated to dismiss.

■ But whether section 581b in its present form is the result of careful comparison with the changes in section 399 or the result of a hiatus in planning on a set of technical statutes which do not set forth principles of fundamental justice, the fact remains that section 399 requires the clerk to transfer the papers on payment, and section 581b imposes no duty on the transferee court to dismiss.

Petitioners cite *South* v. *Wishard,* 165 Cal.App.2d 8 [331 P.2d 227], as impliedly sustaining their position because the Court of Appeal entertained appeal from the transferee court. This, say petitioners, shows that the transferee court would have been the proper one to dismiss although actually the superior court was in error in dismissing in view of the appeal.

A case which is decided contrary to the general position of the party citing it is, to begin with, rather infirm authority. Besides this, however, the point of the jurisdiction of the transferee court to pass on the matter of dismissal was not made by the appellant in *South* v. *Wishard* (perhaps because of his justifiable confidence that the point he did make was valid). The omission of the point is shown, not only from the opinion but also from an examination of appellant's brief in that case (Vol. 2861, Records of the District Court of Appeal). Petitioners also cite 1 Chadbourn, Grossman & Van Alstyne, California Pleading, section 472, page 442, which says that "the motion to dismiss may be properly considered in the transferee court." The single authority in support of the text is the same *South* v. *Wishard*, which, as we have said, does not discuss the subject at all.

The dismissal was properly denied. Section 581b is by no means destroyed by this conclusion. The party who has been successful in the motion for transfer may, in some instances, by proceeding with alacrity at the expiration of the year, succeed in having his motion granted (perhaps with temporary sequestration of the papers into the judge's custody) before payment is made and the file transferred. Probably in many cases in which section 581b is invoked, the plaintiff, having failed to pay the inconsiderable fees, has lost interest and is not averse to dismissal, an act which helps to clear the court's calendar.

Petitioners urge that if we do not mandate the transferee court to dismiss, we should direct it to return the file to the transferor court for dismissal. We shall not do this because: 1) The function of mandamus is to command performance of a duty and the trial court had none; 2) defendants, in their briefs in the Sonoma County court, insisted that plaintiffs had voluntarily submitted to the jurisdiction of that court by payment of the transfer fees and that there was no valid basis for referring the matter back to San Francisco (on the question of waiver); 3) defendants took advantage of assistance by the court in San Francisco, even after the order of transfer, in particular by obtaining on motion an order that certain questions be answered. Petitioners took this action despite the provision in section 581b that there shall be no further proceedings until the fees and costs are paid (payment could have been made, by the terms of the statute, by any party interested). We do not mean to say that this constituted waiver as a matter of law. The Sonoma County court properly abstained from deciding whether it constituted waiver as a fact. We cite the circumstance simply as further support for our declining to order the cause transferred for dismissal, even if we have the power to do this.

The petition for writ of mandate is denied and the alternative writ is discharged.

Rattigan, J., concurred.

**CHRISTIAN, J.**—I dissent.

Under Code of Civil Procedure section 581b, the San Francisco Superior Court had a mandatory duty to dismiss, on its own motion if necessary, when the one year period expired without payment of transfer fees by the plaintiff. (*Western Greyhound* v. *Superior Court* (1958) 165 Cal.App.2d 216, 218 [331 P.2d 793]; *South* v. *Wishard* (1958) 165 Cal.App.2d 8, 11 [331 P.2d 227]; *London* v. *Morrison* (1950) 99 Cal.App.2d 876, 879 [222 P.2d 941].) Code of Civil Procedure section 399, which requires the clerk to transfer the file upon payment of the fees, must be read together with section 581b; the Legislature has clearly expressed the intention that if the fees are not paid within one year after the change of venue, there is to be no transfer. The Sonoma County Superior Court should be directed to dismiss the action, on the ground that the case is not properly before it, or to retransfer the case to San Francisco Superior Court for dismissal.