[Civ. No. 43492. Second Dist., Div. Five. May 9, 1974.]

DAVID GRIME, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CHARLES J. SPAKE, Real Party in Interest.

**COUNSEL**

Portigal, Hammerton & Pike and Allan Portigal for Petitioner.

No appearance for Respondent.

Kessler & Drasin, Arnold Gross and Lawrence Drasin for Real Party in Interest.

**OPINION**

**KAUS, P. J.**—Petitioner and defendant David Grime seeks a writ of mandate to compel respondent superior court to dismiss an action brought by real party in interest and plaintiff Charles J. Spake. We granted an alternative writ on order of our Supreme Court.[1]

### FACTS

The facts are undisputed. Plaintiff filed a personal injury action against defendant in the Los Angeles superior court. On November 17, 1972, the Los Angeles Superior Court granted defendant's motion for a change of venue to the Orange County Superior Court, the only proper court for trial. (Code Civ. Proc., § 396b.)

Plaintiff did not appear on the hearing of the motion. The court's minute order provides: "Motion is granted. The action is transferred to the County of Orange Superior Court. Plaintiff to pay transfer fees. Defendant to serve Notice."

---

[1]Defendant filed a petition for writ of prohibition and/or mandate with this court which we denied January 30, 1974. The Supreme Court on March 8, 1974, granted defendant's petition for hearing and retransferred the case to this division with directions to issue an alternative writ of mandamus to be heard before this court.

On November 20, defendant mailed plaintiff notice of the court's ruling: "Please take notice that on November 17, 1972, the above-entitled Court granted the Motion of defendant . . . for Change of Venue to Orange County Superior Court." Plaintiff received this notice.

Plaintiff did not pay the transfer fees. One year later, on November 20, 1973, defendant noticed a motion to dismiss the action, based on plaintiff's failure to pay the transfer costs within the statutory one-year period. On December 26, 1973, the court denied defendant's motion to dismiss "upon the condition that plaintiff deposit the requested fee within ten . . . days . . . ."

This writ proceeding followed.

## DISCUSSION

This case involves the application of Code of Civil Procedure section 581b, one of various dismissal statutes intended to force litigants to follow up on the sometimes reflexive filing of complaints.

Section 581b provides: "No action . . . where the same was not originally commenced in the proper court, and which has been ordered transferred to the proper court, shall be further prosecuted, and no further proceedings shall be had therein, until the fees and costs of the transfer . . . have been paid, as provided in Section 399 . . . ."

Code of Civil Procedure section 399 provides that when "the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper . . . such costs and fees shall be paid by the plaintiff before such transfer is made; . . ."

Section 581b continues: ". . . all such actions . . . must be dismissed by the court . . . on its own motion, or on the motion of any party . . . where the costs and fees . . . have not been so paid for one year after the entry of the order for transfer."

The dismissal provision in section 581b is mandatory. (*Bechtel Corp.* v. *Superior Court,* 33 Cal.App.3d 405, 408 [109 Cal.Rptr. 138] and cases collected.) Plaintiff recognizes this rule, but relies on an exception to the rule where the party seeking dismissal is estopped by his own wrongful, fraudulent or deceptive conduct. (See, e.g., *Moore* v. *Superior Court,* 13 Cal.App.3d 869, 872-873 [92 Cal.Rptr. 23] and cases discussed.)

The conduct on which plaintiff relies is defendant's failure to state in the notice of ruling that plaintiff was required to pay the transfer costs. The

contention has no merit. Plaintiff's duty to pay the transfer fees is imposed by section 399 which provides, as quoted, that "such costs and fees *shall be paid by the plaintiff* . . . ." (Italics added.) The entry in the minute order was therefore superfluous to the court's ruling. The notice to which plaintiff was entitled was notice of the ruling made by the court, not of the legal consequences of that ruling.

We are well aware of the policy that cases should be tried on the merits. There is, however, a countervailing policy as embodied in the dismissal statutes (e.g., Code Civ. Proc., §§ 581a, 583) that cases should be prosecuted with reasonable diligence. (See, e.g., *Crown Coach Corp.* v. *Superior Court,* 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].) Permitting a litigant to ignore a case for a year, during which time it may not "be further prosecuted, and no further proceedings shall be had therein, . . ." (Code Civ. Proc., § 581b) is hardly consistent with that latter policy.

Contrary to the default cases on which plaintiff relies, there was in this case no "treachery or deceit" by opposing counsel (*Farrar* v. *Steenbergh,* 173 Cal. 94, 98 [159 P. 707]), no indication that plaintiff was "actively engaged in contesting the case" (*Smith* v. *Los Angeles Bookbinders Union,* 133 Cal.App.2d 486, 500 [284 P.2d 194]),[2] and no extension of time that would deceive plaintiff into believing further extensions would be allowed (*Lynch* v. *Betts,* 198 Cal.App.2d 755, 757 [18 Cal.Rptr. 345]).

Since dismissal under section 581b was mandatory, the trial court abused its discretion in refusing to dismiss the action. A peremptory writ of mandate shall issue ordering the trial court to dismiss the action.

Ashby, J., and Hastings, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied July 3, 1974.

---

[2]Overruled on other grounds in *MacLeod* v. *Tribune Publishing Co.,* 52 Cal.2d 536, 551 [343 P.2d 36].