Jackson et al. v. Thornton et al.

WILLIAM JACKSON, *et al. v.* CAL. THORNTON, *et al.**

(*Knoxville.*   September Term, 1915.)

1. BASTARDS. Evidence. Presumption of legitimacy.

The presumption of the legitimacy of a child born during wed-lock is indulged, though antenuptial conception is made to appear.   (*Post, p.* 38.)

Case cited and approved:   Cannon v. Cannon, 26 Tenn., 410.

2. BASTARDS. Evidence. Presumption of legitimacy.

The presumption of the legitimacy of a child born during wed-lock is weakened and may be overcome by a less weight of evidence where antenuptial conception is shown.   (*Post, pp.* 38, 39.)

Cases cited and approved:   Wilson v. Babb, 18 S. C., 59; Wright v. Hicks, 15 Ga., 171; Dennison v. Page, 29 Pa., 42; McCullock v. McCullock, 69 Tex., 682; Wallace v. Wallace, 137 Iowa, 37.

3. BASTARDS. Evidence. Presumption of legitimacy.

Though antenuptial conception is shown, clear, strong, and con-vincing testimony must be adduced to overcome the presump-tion of the legitimacy of a child born in wedlock, and a mere preponderance is not enough, nor may testimony of mere ru-mor and suspicion among neighbors touching the paternity of the child overcome the presumption.   (*Post, p.* 39.)

Case cited and approved:   Scott v. Hillenberg, 85 Va., 245; Beth-any Hospital Co. v. Hale, 64 Kan., 367.

---

FROM JEFFERSON

---

Appeal from the Chancery Court of Jefferson Coun-ty.—H. N. CATE, Special Chancellor.

---

*As to evidence necessary to establish bastardy of child born to married woman see note in 36 L. R. A. (N. S.), 667.

WALSH & ELY and J. ARTHUR ATCHLEY, for appellants.

C. T. RANKIN, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Complainants sue to recover land, claiming to be the heirs at law of one Houston Jackson. Defendants claim under a deed executed by Fred Jackson, who, they contend, was the only child and heir of Houston Jackson.

The legitimacy of Fred Jackson is the sole question for determination.

Houston Jackson was a colored man, and intermarried with a young colored girl, Rachael Gentry. Fred Jackson was borne by Rachael after the marriage. This fact is clearly established. The proof tends to show that the child was born three or four months after the marriage, and there is proof indicating that he was begotten by a white man in whose family the mother had worked as a servant girl just before her marriage, and while she was being courted by Houston Jackson.

The proof as to the paternity of the child is so mixed as to make the case turn on the presumption as to legitimacy raised by the law in favor of the legitimacy of one born in wedlock, as we have found that Fred Jackson was.

The earlier rule of the common law was that the presumption of legitimacy growing out of birth during

wedlock was so far conclusive as that it could be overcome only by proof of impotence on the part of the husband or his absence from the realm "beyond the four seas") during the period when the child must in the course of nature have been begotten; but the hardship worked by that rule led to its modification by the courts of nearly, if not quite, all jurisdictions, including this court. *Cannon* v. *Cannon*, 7 Humph. (26 Tenn.), 410.

The authorities differ on the point as to whether if it be made to appear, as here, that conception antedated the nuptials, the presumption is then weakened. All the authorities agree that the presumption of legitimacy continues to be indulged in such case.

Some of the courts hold that the presumption in such case must arise from the fact of the marriage, and not from sexual intercourse assumed to result from the marriage, and that the presumption of legitimate birth is therefore so far weakened as that it may be overcome by a less weight of evidence. *Wilson* v. *Babb*, 18 S. C., 59; *Wright* v. *Hicks*, 15 Ga., 171, 60 Am. Dec., 687.

In other cases it is held that antenuptial conception does not weaken the presumption of legitimacy arising from birth after the marriage. *Dennison* v. *Page*, 29 Pa., 42, 79 Am. Dec., 644; *McCullock* v. *McCullock*, 69 Tex., 682, 7 S. W., 593, 5 Am. St. Rep., 96; *Wallace* v. *Wallace*, 137 Iowa, 37, 114 N. W., 527, 14 L. R. A. (N. S.), 544, 126 Am. St. Rep., 253, 15 Ann. Cas., 761.

Jackson et al. v. Thornton et al.

We think the better rule is that laid down in the first line of cases.

But, even so, we hold that, in respect of the weight of the evidence required to override the presumption, clear, strong, and convincing testimony must be adduced by him who alleges illegitimacy. A mere preponderance in his favor is not enough; nor may testimony of mere rumor and suspicion among neighbors touching the true paternity of the child avail to overcome the presumption. *Scott* v. *Hillenberg,* 85 Va., 245, 7 S. E., 377; *Bethany Hospital Co.* v. *Hale,* 64 Kan., 367, 67 Pac., 848; 8 Enc. Ev., 171.

The proof introduced by complainant is largely of that character. .The chancellor properly held it not sufficient to the award of relief to complainants. Affirmed.