[S. F. No. 13569. In Bank.—December 15, 1931.]

OPHELIA ANDERSON, Respondent, v. CLARENCE A. ANDERSON, Appellant.

Edward J. Smith and William W. Hoffman for Appellant.

Ezra Cox for Respondent.

SHENK, J.—This is an appeal by the defendant from an interlocutory decree of divorce and particularly from that portion of the decree which requires the defendant husband to pay $25 per month for the support and maintenance of a daughter of the plaintiff, now about five years of age. The issue at the trial was and now is whether the child is also the daughter of the defendant.

The parties intermarried on May 15, 1926. The child was born on September 1, 1926, or three and one-half months after the marriage. At birth the child weighed seven pounds and two ounces, with hair on its head, smooth skin, finger-nails and toe-nails fully developed, and nursed at the mother's breast within a few hours. In other words, at birth the child was fully developed and gave every evidence of birth after a full period of gestation, which normally is 280 days. In the months of November and December, 1925, the mother had engaged in sexual intercourse with one Pete

Brown. The first act of intercourse between the parties hereto took place about February 15, 1926, which was less than 200 days before the child was born. According to the record a child delivered following a 200-day period of gestation could, under no case known to science or experience, be fully developed as this child was.

The foregoing facts were conclusively established by the testimony of the plaintiff and by expert testimony with the aid of scientific authorities on the subject. The only shadow of conflict in the testimony, and which is relied upon by the plaintiff to support the finding of the trial court that the defendant is the father, relates to the time of the last menstruation of the plaintiff prior to the birth of the child. On this point the record shows the following: On the twenty-sixth day of January, 1929, the plaintiff made an affidavit, under circumstances that suggest no coercion or undue advantage, that her last period of menstruation was in November, 1925. After the complaint herein was filed on February 1, 1929, the plaintiff gave her deposition in which she stated that from November, 1925, until the time she met the defendant, she had not menstruated. She stated to the attending physician at the time of childbirth that her last period occurred in November, 1925. On cross-examination at the trial she first stated that her last menstrual period was "around November". Upon further questioning she stated that she had thought the matter over and over again and had seen where she had made a mistake and that she did menstruate in December and January. An examination of the record discloses that there is no conflict in the evidence on this point worthy of that designation. It is insubstantial in the highest degree, and to permit it to control the undisputed and physical facts, for the purpose of supporting a finding giving to the defendant an heir by a stranger, would be to tax human credulity to the breaking point.

It remains to be determined whether the presumptions of legitimacy are controlling in the plaintiff's favor in the face of facts established beyond the peradventure of a doubt. First we have the presumption declared by subdivision 5 of section 1962 of the Code of Civil Procedure that "the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate".

But this presumption prevails only where the period of gestation following intercourse with the husband is usual and normal. (*Estate of McNamara*, 181 Cal. 82 [7 A. L. R. 313, 183 Pac. 552]; 13 Cal. Jur., p. 921.) It cannot prevail as against undisputed facts to the contrary and at variance with the laws of nature.

Then there is the presumption declared by subdivision 31 of section 1963 of the Code of Civil Procedure "that a child born in lawful wedlock, there being no divorce from bed and board, is legitimate". By the same section it is presumed in subdivision 28 that things have happened in the ordinary course of nature. These presumptions are declared to be satisfactory if uncontradicted and may be controverted by other evidence. While the proof necessary to overthrow the presumption of legitimacy in such a case as this must be clear and satisfactory (*Estate of Walker*, 180 Cal. 478 [181 Pac. 792]), it has been held that where the conception of a child is before marriage a slighter degree of proof is necessary to overcome the presumption of legitimacy. (*Wright* v. *Hicks*, 17 Ga. 160 [60 Am. Dec. 687].) While it may be said that the authorities as to the degree of proof in such a case are in conflict (*Jackson* v. *Thornton*, 133 Tenn. 36 [179 S. W. 384]), we are here not called upon to weigh the probabilities, for we have a case where the fact of prenuptial pregnancy by a stranger is established beyond question, and the presumption of legitimacy no longer obtains.

It is true the defendant herein knew at the time of his marriage that the plaintiff was pregnant. This is disclosed by the fact that in April or May, 1926, the father of the plaintiff wrote a letter to the defendant informing him that he was responsible for the condition of the plaintiff and threatening criminal prosecution of the defendant unless he married the plaintiff. But in the nature of things the defendant did not know at the time of marriage the duration of pregnancy. Under these circumstances we find no principle of estoppel which would prevent the defendant from disclaiming fatherhood when the facts became known.

No question is raised as to the insufficiency of the evidence to support the finding with reference to the plaintiff's right to a divorce and we find it sufficient.

That portion of the interlocutory decree declaring the plaintiff entitled to a divorce is affirmed. That portion of said decree adjudging the defendant to be the father of the child and making an allowance for its support and maintenance is reversed.

Richards, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.