[No. A053947. First Dist., Div. Two. July 14, 1992.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Appellant, v. STEVEN J. STRAHLENDORF, Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Josanna Berkow, Deputy Attorneys General, for Plaintiff and Appellant.

James P. Preovolos, Leslie Abbott Smith and Ellen Ambler Murphy for Defendant and Respondent.

## OPINION

PETERSON, J.—The City and County of San Francisco (City) appeals from a judgment dismissing its paternity suit against respondent Steven J. Strahlendorf. City argues the trial court misapplied the presumption of paternity set forth in Evidence Code section 621 when reaching its decision. We agree and reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In June 1989, a young woman, Julia Lehr, applied for public assistance. As part of the process, she identified respondent as the father of her infant son Michael. City then filed a complaint against respondent seeking to establish his paternity and to hold him responsible for Michael's support. After filing an answer, respondent challenged the complaint arguing that under section 621 another man, Daniel McGovern, was conclusively presumed to be Michael's father, because Michael was born while Lehr was married to McGovern. The trial court agreed and entered judgment in favor of respondent. This timely appeal followed.

### II. DISCUSSION

Before we can reach the merits of this appeal, we must turn to a procedural issue. ■ Respondent purported to challenge City's complaint in the court below through a motion to strike, presumably under Code of Civil Procedure section 435 (section 435). The trial court expressed some doubt over the propriety of a motion to strike, but it nonetheless granted the motion because it did not want to exalt form over substance.

The trial court's concern was well founded. A motion to strike must be filed "within the time allowed to respond to a pleading . . . ." (§ 435, subd. (b)(1).) The motion in this case was filed long after respondent had filed his answer to the complaint. Furthermore, the grounds for the motion to strike must appear on the face of the challenged pleading or in matter which the court may judicially notice. (Code Civ. Proc., § 437, subd. (a).) When considering the motion here, the court relied on a declaration submitted by City and on factual representations made by both counsel in their motion pleadings. It is clear that a motion to strike under section 435 was unavailable under the circumstances.

However, we need not reverse the trial court's decision on this ground. When faced with situations similar to this, other courts have interpreted procedurally deficient motions as "speaking motion[s]" to dismiss or strike.

(See *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-169 [95 Cal.Rptr. 623, 486 P.2d 151]; *Christian* v. *County of Los Angeles* (1986) 176 Cal.App.3d 466, 468 [222 Cal.Rptr. 76].) Essentially, a speaking motion is one which is supported by facts .outside the pleadings, such as a declaration. (*Ibid.*) Modernly, a speaking motion is treated as a motion for summary judgment. (*Ibid.*)

Thus interpreted, the issue in this case is whether the evidence before the trial court was sufficient to compel summary judgment in favor of respondent. The evidence showed that Lehr first met McGovern in approximately January 1987 when she was five months pregnant. They married four months later, in May; and four days after the marriage, Lehr gave birth to Michael. Six months after Lehr and McGovern married, they divorced.

Given this evidence, we must determine whether the trial court properly applied the presumption of paternity set forth in Evidence Code section 621 (section 621). Subdivision (a) of that section provides, in part, "the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage." ■ Respondent argues that under section 621 McGovern is conclusively presumed to be Michael's father, because McGovern was cohabiting with Lehr when Michael was born. City disagrees and claims the presumption of section 621 does not apply because McGovern was not cohabiting with Lehr when Michael was *conceived.* We agree with City.

It is well established that to invoke the presumption of paternity set forth in section 621 a husband and wife must be cohabiting when a child is conceived. Indeed, courts have interpreted section 621 and its various statutory predecessors in this manner since the early part of this century. (See *Estate of McNamara* (1919) 181 Cal. 82, 91, 95 [183 P. 552, 7 A.L.R. 313]; *Kusior* v. *Silver* (1960) 54 Cal.2d 603, 616 [7 Cal.Rptr. 129, 354 P.2d 657]; *Jackson* v. *Jackson* (1967) 67 Cal.2d 245, 248 [60 Cal.Rptr. 649, 430 P.2d 289]; *Estate of Cornelious* (1984) 35 Cal.3d 461, 464 [198 Cal.Rptr. 543, 674 P.2d 245].) This interpretation has been universally accepted by legal commentators and is undoubtedly the law of this state. (See 4 Markey, Cal. Family Law (1992) Establishing Parentage, § 62.11[2], pp. 62-12 to 62-12.1; Cal. Family Law Service (1986) Parentage, § 42.17, p. 411.)

Here, the evidence before the trial court showed that, while McGovern and Lehr were married at the time of Michael's birth, they were *not* cohabiting when Michael was conceived. Indeed, McGovern did not even know Lehr at the time of Michael's conception. Since the prerequisite of

cohabitation at time of conception—essential for the application of section 621—was absent, the trial court erred when it held McGovern was conclusively presumed to be Michael's father under that section.

Respondent disputes this conclusion on two grounds. First, noting that the phrase "the issue of a wife cohabiting with her husband" appears in both the current version of section 621 and its various statutory predecessors, respondent maintains that, if the Legislature had intended the presumption to apply only when a husband and wife were cohabiting at the time of conception, it could easily have said so. Respondent argues that the Legislature's failure to add such a requirement indicates it did not intend that the section be so limited.

We think appellant has misunderstood the import of the Legislature's failure to amend the phrase at issue. Generally, we presume that the Legislature is aware of appellate court decisions. (*Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609 [257 Cal.Rptr. 320, 770 P.2d 732].) "[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction." (*Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].)

Applying this rule here, we note that, for over 70 years, the courts have interpreted the presumption of paternity currently set forth in section 621 as applying only when a husband and wife were cohabiting when a child was conceived. The Legislature's failure to amend the particular phrase upon which respondent relies in the face of these repeated appellate decisions indicates the Legislature is satisfied with the construction given.

Alternately, respondent argues that, even if we interpret section 621 as requiring cohabitation at the time of conception, we should also interpret it as applicable when a husband and wife are cohabiting at the time of birth. Respondent claims that no case has held the presumption of section 621 inapplicable when there was cohabitation at the time of birth. This is simply incorrect. Section 621 has frequently been held inapplicable even though a husband and wife were cohabiting at the time of birth. For example, in *Anderson* v. *Anderson* (1931) 214 Cal. 414, 415-417 [5 P.2d 881], the court held the statutory predecessor of section 621 inapplicable where a child was born to a married couple three and one-half months after their marriage. The court in *Murr* v. *Murr* (1948) 87 Cal.App.2d 511, 514-515 [197 P.2d 369] reached a similar conclusion and refused to apply the presumption contained

in the then applicable equivalent of section 621 because the child had been born only 190 days after husband and wife had cohabited. Both *Anderson* and *Murr* stand for the proposition that the courts refuse to apply section 621 when the period of gestation following cohabitation is abnormally short. (See 10 Witkin, Summary Cal. Law (9th ed. 1989) Parent and Child, § 416, p. 460.) Here, it is unclear when McGovern and Lehr first cohabited, but the evidence before the trial court showed that Lehr was five months pregnant when they met. The presumption of section 621 was inapplicable.

III. DISPOSITION

The judgment dismissing City's suit is reversed.

Kline, P. J., and Smith, J., concurred.