Filed 10/25/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SOUTHWESTERN LAW SCHOOL, | ) | No. BV 032895 |
| Plaintiff and Respondent, | ) | Norwalk Trial Court |
| v. | ) | No. 17NWLC00433 |
| MADONNA BENSON, | ) | |
| Defendant and Appellant. | ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ann H. Park, Judge. Judgment Reversed.

William Joseph Zeutzius, Jr., Esq. for Plaintiff and Respondent Southwestern Law School, fka Southwestern University School of Law.

Madonna Benson, in pro. per., for Defendant and Appellant.

\*         \*         \*

INTRODUCTION

When a case is transferred because venue is proper in a different court, the plaintiff is responsible for paying the transfer costs and fees, and the case is subject to dismissal if there is no payment within 30 days of "service of notice of the transfer order." (Code Civ. Proc., § 399, subd. (a).)[1] We hold the mailing of a minute order to the parties stating a transfer motion was granted is sufficient to provide service of notice, subjecting the action to dismissal due to nonpayment of the costs and fees.

In the present case, the trial court granted defendant and appellant Madonna Benson's motion to transfer from Los Angeles to Ventura County in the action for failure to repay student loans brought by plaintiff and respondent Southwestern Law School, fka Southwestern University School of Law. Although served with a minute order indicating the motion was granted, plaintiff did not pay the costs and fees within 30 days, and the case remained in Los Angeles. Nonetheless, defendant's motion to dismiss was denied, the matter proceeded to trial, and judgment was entered against her.

As plaintiff was provided notice the case had been transferred and it did not pay the costs and fees, the court erred in denying the dismissal motion and proceeding to trial. We reverse the judgment and remand for the court to dismiss the case.

BACKGROUND

Plaintiff filed a breach of contract action on August 11, 2017, alleging that on September 3, 2012, defendant executed a promissory note to pay $15,000 plus interest to plaintiff, and on August 13, 2012, she executed a second promissory note to pay plaintiff $8,000 plus interest. Defendant defaulted on repaying the notes, and plaintiff sought an award of $22,529.64 for the amount that remained unpaid, plus interest, costs of the suit and attorney's fees under the terms of the notes.

On October 12, 2017, defendant filed a motion to transfer. Defendant asserted Los Angeles County was not the proper court to adjudicate the matter, because she resided, and entered into the contract, in Ventura County. The court heard argument on the transfer motion

---

[1] All further statutory references are to the Code of Civil Procedure.

on November 9, 2017, and after considering further briefing and argument on December 1, 2017, took the matter under submission.

On December 7, 2017, the court issued a minute order ruling on the motion. The court noted venue for a breach of contract action is proper in the place where the defendant resided at the commencement of the case, where the contract was entered into, or where the defendant contracted to perform the obligation. The court determined defendant lived in Ventura County and electronically executed the promissory notes at her residence, and she agreed to perform the obligation to pay the notes in Ventura, and hence venue was proper in Ventura.

The minute order concluded, "The Court grants defendant's motion for change of venue to Ventura County and orders defendant to prepare any additional orders necessary to effectuate this transfer. [¶] The clerk is to give notice of this ruling." In a Certificate of Mailing dated December 7, 2017, the clerk stated, in relevant part, that the clerk "served the Minute Order (Ruling on Submitted Matter) of 12/07/2017 upon each party or counsel named below" by mailing the document to defendant (who was self-represented) and plaintiff's attorney. No further order was prepared or served.

On January 10, 2018, defendant filed an answer to the complaint in the Los Angeles court. Defendant generally denied the allegations, and asserted several affirmative defenses, including running of the statute of limitations and "waiver and estoppel." On March 15, 2018, plaintiff mailed to defendant a notice that a court trial would commence on August 13, 2018 in Department B of the Norwalk Courthouse in Los Angeles.

Defendant attempted to file a motion to dismiss pursuant to section 399, subdivision (a), on July 19, 2018, but the court rejected the filing because the credit card used for paying the filing fee was declined. However, it appears plaintiff was served with a copy of the dismissal motion, as on July 27, 2018, it filed an opposition to it. Plaintiff did not deny that the costs and fees remained unpaid, but it maintained the motion to dismiss should be denied because, inter alia, by filing an answer in Los Angeles, defendant "waived her choice of changing venue to Ventura County."

The case was called for trial in Norwalk, and defendant orally moved to dismiss the action under section 399, subdivision (a). The court noted, "[d]efendant failed to prepare

3

necessary documents to effectuate the transfer. Also, no transfer fees were paid," and the case proceeded to trial.[2]

After considering testimony and documentary exhibits, the court rendered judgment in plaintiff's favor. The court awarded plaintiff the principal amount of $22,529.64, $2,816.46 in interest, $2,500 attorney's fees, and $95 in costs, for a total award of $28,341.10. Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

The issues on appeal pertain to statutory interpretation of section 399 and related transfer statutes. We therefore exercise de novo review. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119; *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 944.)

<u>Statutory Provisions</u>

Section 396b, subdivision (a), provides, in relevant part, "[I]f an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers. Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."[3]

---

[2]The record does not include a ruling on the motion. Because the case proceeded to trial, we infer the court denied defendant's motion to dismiss.

[3]Section 396b, subdivision (b), allows a court, at its discretion, to order the payment of reasonable expenses and attorney's fees to the prevailing party on a transfer motion.

In relevant part, section 397 provides, "The court may, on motion, change the place of trial in the following cases: [¶] (a) When the court designated in the complaint is not the proper court. . . ."

Procedures for transferring a matter wherein a transfer motion has been granted are spelled out in section 399, subdivision (a). This statute provides, in relevant part:

"If an order is made transferring an action or proceeding under any provision of this title, the clerk shall, after expiration of the time within which a petition for writ of mandate could have been filed pursuant to Section 400, or if a writ petition is filed after judgment denying the writ becomes final, and upon payment of the costs and fees, transmit the pleadings and papers of the action or proceeding, or, if the pleadings are oral, a transcript of the pleadings, to the clerk of the court to which the action or proceeding is transferred. . . . If the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by this title, those costs and fees, including any expenses and attorney's fees awarded to the defendant pursuant to Section 396b, shall be paid by the plaintiff before the transfer is made. . . . The cause of action shall not be further prosecuted in any court until those costs and fees are paid. If those costs and fees are not paid within 30 days after service of notice of the transfer order, . . . the court on a duly noticed motion by any party may dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court before satisfaction of the court's order for costs and fees. . . ."[4]

Construction

In construing a statute, if the statutory language is clear and unambiguous, we determine this is what was intended by the Legislature, and apply the language as written without resorting to extrinsic indicia of legislative intent. (See *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 419; *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 61 ["Where . . . legislative intent is expressed in unambiguous terms, we must treat the statutory language as conclusive"].) We also consider the structure of the statute and the

[4]For a case involving a complaint alleging damages over $10,000 and up to $25,000, the transfer fee is $50, and an additional $370 must be paid for filing in the court to which the case is transferred. (Gov. Code, §§ 70613, subd. (a), 70602.5, subd. (b), 70618.)

interrelationship of its parts in ascertaining its intent. (See *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 903 ["'Statutory language should not be interpreted in isolation, but must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts'"].)

Defendant moved to transfer the case on the ground that venue for the breach of contract action was proper only in Ventura, and hence that Los Angeles was not the proper court under section 397, subdivision (a). The court on December 7, 2017, conducted a hearing and stated in its minute order that the transfer motion was granted (see § 396b, subd. (a)), and the clerk in a "Certificate of Mailing" indicated it "served the Minute Order (Ruling on Submitted Matter) of 12/07/2017 upon each party." The transfer costs and fees were not paid, and defendant moved to dismiss the case.[5]

The critical inquiry is thus whether the minute order indicating the transfer motion was granted amounted to "an order . . . transferring the action or proceeding."

The answer was provided over 60 years ago by the Court of Appeal in *Western Greyhound Lines v. Superior Court of Los Angeles County* (1958) 165 Cal.App.2d 216 (*Western Greyhound*), which interpreted a prior version of the transfer provisions. In that case, a Los Angeles County court issued a minute order stating, in one column, "Motion of defendant [¶] Pacific Greyhound Lines, a [¶] corporation, for change [¶] of venue to City and [¶] County of San Francisco," and in a second column, "Motion Granted." The Court of Appeal noted, "No other order was made." (*Id.* at p. 217.)

Transfer costs and fees were not paid by the plaintiff, but the defendant's motion to dismiss was denied, and the plaintiff sought writ relief. Under the version of the law in effect at the time, as now, a case was required to be transferred when "an order is made transferring an action" upon payment of transfer costs and fees (former § 399). An action was subject to being dismissed when the costs and fees "have not been so paid for one year after the entry of the

_____

[5]The statute states that, if "costs and fees are not paid within 30 days after service of notice of the transfer order . . . , the court *on a duly noticed motion* by any party may dismiss the action . . . ." (§ 399, subd. (a).) But, although defendant made an *oral* motion to dismiss, plaintiff received a copy of her written motion and filed a written opposition. Plaintiff was therefore not prejudiced by defendant's failure to proceed by way of a "duly noticed" dismissal motion.

order for transfer" (former § 581b).  The question was whether the minute order constituted the transfer order referenced in the statute.  *Western Greyhound* found the minute order indicating the transfer motion was granted was sufficient, noting, "Did the minute order . . . transfer the action?  We have no doubt that it did."  (*Western Greyhound*, *supra*, 165 Cal.App.2d at p. 218.)

The Court of Appeal relied on the fact that the minute order was a final judgment from which an appeal could have been taken, and that the order was sufficiently clear as to indicate the action being taken by the court.  (*Id.* at pp. 218-219.)  It also noted prior case law had determined a "Memorandum re Ruling on Motion for Change of Venue," which was served on the parties along with a minute order stating, "The motions of . . . for Change of Venue to Santa Clara County are granted," constituted an "order . . . transferring an action."  (*Id.* at p. 219, citing *Maxwell v. Perkins* (1953) 116 Cal.App.2d 752.)  Although the statutes have changed, the holding in *Western Greyhound* remains on point, and we are required to follow the holding of the Court of Appeal.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

Section 1003 states, as it did when *Western Greyhound* was decided, "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."  This means written entry of a court's ruling into the minutes is an order.  Also, the general rule is that "when a court enters a minute order which does not call for the preparation and filing of a formal order, the minute order is final and all legal consequences ensue therefrom. [Citations.]"  (*County of Nevada v. Superior Court* (1986) 183 Cal.App.3d 806, 808.)[6]  "The act of instructing the clerk to enter the order in the minutes, whether in chambers or on the bench, followed by entry in the minutes is the equivalent of signing a formal order and filing it with the clerk."  (*Simmons v. Superior Court* (1959) 52 Cal.2d 373, 379; accord, *Price v. Superior Court* (1986) 186 Cal.App.3d 156, 171.)

The leading practical treatise notes: "Formal rulings generally not required: Except for appointment of referees [citation], there is no requirement that a court make a formal, written

_____

[6]The trial court, in granting the transfer motion, ordered "defendant to prepare any additional orders necessary to effectuate this transfer," but this notation did not explicitly command defendant to prepare an order.  As the minute order would have been sufficient to transfer the case (upon payment of the transfer costs and fees), there were *no* "additional orders necessary to effectuate this transfer."

7

ruling in a law and motion matter. Oral on-the-record rulings suffice to provide proper appellate review. [See *Biljac Assocs. v. First Interstate Bank of Oregon, N.A.* (1990) 218 [Cal.App.3d] 1410, 1419 . . . (disapproved on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532 . . . , fn. 8)]." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 9:180, p. 9(I)-134 to 9(I)-135.)

Section 581b was repealed in 1974. (See Stats. 1974, ch. 1369, p. 2967, § 5.) The bar to prosecution and dismissal provisions for a plaintiff's failure to pay transfer costs were inserted into the fifth through seventh sentences of what is presently section 399, subdivision (a). (See Stats. 1974, ch. 1369, p. 2965, § 3.) The clock subjecting the case to dismissal changed from starting when the costs and fees "have not been so paid for one year after entry of the order for transfer" (former § 581b), to beginning when payment was not made "within 30 days after service of notice of the transfer order" (§ 399, subd. (a)). But, the beginning portion of section 399 remained virtually the same after the amendment. Prior to 1974, the first part began, "When *an order is made transferring an action or proceeding* under any of the provisions of this title," transfer occurs after payment of the transfer costs and fees. (See Stats. 1974, ch. 1369, p. 2965, § 3.) Presently, section 399, subdivision (a), provides, "If *an order is made transferring an action or proceeding* under any provision of this title," the case is transferred after the costs and fees are paid.

We presume the Legislature, when the provisions were amended in 1974, was aware it had been held that entry of a minute order granting a transfer motion was sufficient to constitute "an order . . . transferring an action or proceeding" under section 399, and intended that the courts' construction be carried over to the new law. (See *City and County of San Francisco v. Strahlendorf* (1992) 7 Cal.App.4th 1911, 1915, 817 ["Generally, we presume that the Legislature is aware of appellate court decisions"]; *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 734 ["[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction"].) The Legislature therefore intended that, when a minute order stating a motion to transfer has been granted is

8

mailed to the parties, "service of notice of the transfer order" has been effectuated, and if the costs and fees remain unpaid, the case is subject to dismissal.

We are unpersuaded by plaintiff's argument that defendant's filing of her answer in Los Angeles allowed the case to proceed when it was called for trial. Section 396b, subdivision (a), states a case may be tried in a court other than the proper court for trial, so long as the court has jurisdiction, "unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action . . . ." Defendant complied with this statute by filing a motion to transfer prior to answering, and there is nothing in the statute indicating the trial court's order granting the motion is nullified by the subsequent filing of an answer. Section 399, subdivision (a), provides, "The cause of action shall not be further prosecuted in any court until those costs and fees are paid" and subjects the case to dismissal if payment is not made within 30 days after notice has been provided of the transfer order, without regard to whether an answer has been filed. We take the clear language of the statute as specifying that the filing of an answer is inconsequential to the propriety of a dismissal.

The trial court provided no valid reason for denying the motion to dismiss and proceeding to trial. The court noted that "[d]efendant failed to prepare necessary documents to effectuate the transfer." But, the minute order stating the transfer motion was granted was all that was required, and no other "documents" were needed to transfer the case. The court also stated, "[N]o transfer fees were paid." Defendant could have paid the fees herself, but she was not required to do so. (See § 399, subd. (a) ["If those costs and fees have not been paid by the plaintiff within five days after service of notice of the transfer order," any party interested in the action "*may* pay those costs and fees"].) Because plaintiff did not seek appellate relief with regard to the court granting defendant's transfer motion, plaintiff was responsible for paying the costs and fees. (*Ibid.* ["If the transfer is . . . ordered, because the action or proceeding was commenced in a court other than that designated as proper by this title, those costs and fees . . . *shall* be paid by the plaintiff before the transfer is made"].) Plaintiff was served with the minute order by the clerk on December 7, 2017, and did not pay the costs and fees within

9

30 days.  Under section 399, subdivision (a), the court's duty was to dismiss the case and not allow it to be further prosecuted.[7]  Since the court erred in denying the motion and proceeding with the case, the judgment rendered was invalid and cannot stand.[8]

## DISPOSITION

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.  Defendant to recover costs on appeal.

 

 

_____
Ricciardulli, J.

We concur:

 

 

_____       _____
Kumar, Acting P. J.                        Richardson, J.

---

[7]For benefit of the trial court on remand, we note the dismissal must be entered "without prejudice to the cause on the condition that no other action on the cause may be commenced in another court before satisfaction of the court's order for costs and fees."  (§ 399, subd. (a).)

[8]As the matters sought to be added to the record by way of defendant's September 4, 2019 motion to augment the record and September 4 and 12, 2019 motions to correct the record, and plaintiff's September 9, 2019 motion to augment, are unnecessary to the disposition of the appeal, the motions are denied as moot.