Filed 9/13/23 (review denied 12/13/23; reposted with Supreme Court order and statement)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>JUNAID MANZOOR,<br><br>        Defendant and Appellant. | A164739<br><br>(Alameda County<br>Super. Ct. No. 21CR014104) |

In 2006, defendant Junaid Manzoor pleaded guilty in Contra Costa County to a felony violation of Penal Code sections 288.2 and 664[1] for attempting to distribute harmful material to a minor. In exchange for his plea, the prosecutor dismissed count one, in which it was alleged Manzoor attempted to commit a lewd act upon a child under the age of 14 in violation of sections 288, subdivision (a) and 664. As a result of his conviction, he was required to register as a sex offender for life under former section 290. (Former § 290, subd. (a)(2)(A), as amended by Stats. 2005, ch. 722, § 3.5.) Almost 14 years later, the trial court granted his petition to reduce his conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b). Then, after the Legislature amended section 290 to provide for a tiered system of registration time periods (Stats. 2020, ch. 79, § 2), Manzoor filed a petition in Alameda County for relief from the registration requirements. The court summarily denied his petition.

---

[1] All undesignated statutory references are to the Penal Code.

On appeal, Manzoor argues that due to the amendments to section 290, he is entitled to relief from the registration requirements because the reduction of his felony conviction to a misdemeanor places him in "tier one" under the statute, and he is therefore only subject to a 10-year registration requirement, which he has satisfied. For the reasons explained below, we will affirm the order.

## I. BACKGROUND

In April 2006, Manzoor pleaded guilty in the Contra Costa County Superior Court to felony attempting to distribute harmful material to a minor. (§§ 664, subd. (a), 288.2, subd. (b).) The trial court suspended imposition of sentence and placed Manzoor on probation for three years with a 90-day jail term, which he was permitted to satisfy on electronic home monitoring in Santa Clara County. In addition, he was ordered to "[r]egister in Sunnyvale [Santa Clara County]…per PC 290 [within] 5 days".

In February 2020, based on a petition Manzoor filed, the court in Contra Costa County reduced his felony conviction to a misdemeanor pursuant to section 17, subdivision (b), and ordered the case dismissed under section 1203.4.[2]

In November 2021, Manzoor filed a petition for relief from the sex offender registration requirements in the Superior Court in Alameda County, where he apparently resided and was required to register. He argued that under recent amendments to section 290, the current version of the statute "provides no obligation to register for those who stand convicted of misdemeanor 288.2," even though a felony conviction of section 288.2 was a "tier three" offense subject to lifetime registration, and thus he "stands with

---

[2] A "[s]ection 1203.4 dismissal . . . does not affect sex offender registration." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.)

2

those for whom registration is imposed for none [sic] listed offenses under section 290.006." He contended that section 290.006, in turn, provided that "such registrants are placed in tier 1 ([registration for] 10 years) unless otherwise directed by the sentencing court." Therefore, he argued, he was eligible for relief from registration based on his placement in tier one, which he asserted had taken place by operation of law once his offense was reduced to a misdemeanor.

The local law enforcement agency submitted a report to the court stating that Manzoor was subject to a "[l]ifetime" mandatory registration period.

The prosecutor in Alameda County filed a response to Manzoor's petition, arguing that it should be summarily denied because he did not qualify for termination as a "lifetime registrant" in "[t]ier 3" and did not fall under the "risk-level exception."

In February 2022, the trial court summarily denied Manzoor's petition, finding that Manzoor did not qualify for relief from the sex offender registration requirements because he was a lifetime registrant.

This appeal followed.

## II. DISCUSSION

Manzoor argues that because the court reduced his felony violation of section 288.2 to a misdemeanor pursuant to section 17, subdivision (b)(3), he is entitled to relief from the sex offender registration requirements under the amendments to section 290 that became effective on January 1, 2021. As we will explain, we disagree that the reduction of Manzoor's felony conviction to a misdemeanor qualified him for relief from the registration requirements, because subdivision (e) of section 17 bars courts from granting such relief

3

when the defendant was found guilty of an offense for which lifetime registration is required, and the amendments to section 290 do not reflect a legislative intent to create an exception to this rule.[3] The trial court therefore did not err in denying Manzoor's petition for relief from the registration requirements.

## A. *Section 290's Sex Offender Registration Requirements Before and After the 2021 Amendments*

At the time Manzoor pleaded guilty to a felony violation of section 288.2, the Sex Offender Registration Act (§§ 290–290.04) required lifetime registration for defendants convicted of certain offenses, including "any felony violation of Section 288.2 . . . ." (Former § 290, subd. (a)(2)(A), as amended by Stats. 2005, ch. 722, § 3.5.) "Section 290 'applies automatically to the enumerated offenses, and imposes on each person convicted a lifelong obligation to register.' " (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527.) Misdemeanor violations of section 288.2 were not listed in former section 290. (See former § 290, subd. (a)(2)(A), as amended by Stats. 2005, ch. 722, § 3.5.)

---

[3] In the alternative, Manzoor argues that because the "misdemeanor" offense "for which [he] stands convicted is not listed in Section 290," it is not a "registerable offense," and he would only be required to register if the trial court made certain findings under section 290.006, which the court did not. Section 290.006 provides that "[a]ny person . . . who is not required to register pursuant to Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a).) "The person shall register as a tier one offender . . . ." (§ 290.006, subd. (b).) The issue of whether the court made any findings under section 290.006 has no impact on this appeal, as our interpretation and application of subdivision (e) of section 17 is dispositive.

Effective January 1, 2021, the Legislature amended section 290's lifetime registration requirement to provide for a tiered system of registration time periods dependent on the offense for which the defendant was convicted. (See Stats. 2017, ch. 541, § 2.5; Stats. 2018, ch. 423, § 52; Stats. 2020, ch. 79, § 2.)  A "tier one offender" must register for a minimum of 10 years, a "tier two offender" must register for a minimum of 20 years, and a "tier three offender" must continue to register for life.  (§ 290, subds. (d)(1)(A), (2)(A), (3), respectively.)

As in the prior version of section 290, the current version of the statute does not expressly mention misdemeanor violations of section 288.2 and still requires a defendant who is convicted of a "felony violation of [s]ection 288.2" to register, albeit according to the tiered registration system.  (§ 290, subds. (b), (c)(1).)  Section 290 now provides that a defendant is a tier three offender subject to lifetime registration if, as relevant here, "[t]he person was convicted of violating . . . [¶]. . . [¶]. . . [s]ection 288.2."  (§ 290, subd. (d)(3)(C)(x).)  Thus, even under the new tiered registration system, a defendant convicted of a felony violation of section 288.2 is still subject to mandatory lifetime registration.

### B. The Relevant Provisions of Section 17 and Related Caselaw

Section 17, subdivision (b) governs the process used to determine whether an offense " 'punishable either by a term in state prison or by imprisonment in county jail' "—commonly referred to as "wobblers"—is a misdemeanor.  (*People v. Tran* (2015) 242 Cal.App.4th 877, 885; § 17, subd. (b).)  Violations of section 288.2 are wobblers.  (§ 288.2, subd. (a)(1).)  Section 17, subdivision (b), states in relevant part, "[W]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail ..., it is a misdemeanor for all purposes under

5

the following circumstances: [¶] . . . [¶. . . (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).)

Notably, both before and after the 2021 amendments to section 290, subdivision (e) of section 17 has expressly addressed the effect that a misdemeanor designation has on sex offender registration requirements. (§ 17, subd. (e); see *id.*, former subd. (e), as added by Stats. 1998, ch. 960, § 1.) It states, "[N]othing in this section authorizes a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty." (§ 17, subd. (e).)

At least one appellate court has interpreted subdivision (e) of section 17 as precluding a court from relieving a defendant from section 290's lifetime registration requirement after the court has reduced the defendant's section 288.2 felony conviction to a misdemeanor pursuant to section 17, subdivision (b)(3). In *People v. Kennedy* (2011) 194 Cal.App.4th 1484 (*Kennedy*), the defendant was charged with and pleaded no contest to attempted distributing or exhibiting harmful matter to a minor by the Internet in violation of sections 288.2 and 664. (*Id.* at p. 1488.) A couple of years later, the court granted the defendant's motion to reduce the section 288.2 offense from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3). (*Ibid.*) The defendant then moved for an order terminating his sex offender registration requirement. (*Id.* at pp. 1488–1489.) The court denied his motion, and he appealed. (*Id.* at p. 1487.)

6

In construing sections 17 and 290, the Sixth District first noted California Supreme Court authority holding that section 290's registration requirement " ' "automatically applies to the enumerated offenses," ' " and that " '[r]elief under section 17, subd. (b), is not retroactive' " in operation. (*Kennedy, supra*, 194 Cal.App.4th at p. 1491, collecting cases.) " 'If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . .' " (*Ibid.*)

With that authority in mind, the *Kennedy* court found that it was "undisputed…that defendant was 'charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty.' (§ 17, subd. (e).) Defendant was charged with a felony violation of sections 664 and 288.2, subdivision (b), and he pleaded no contest to the charge as a felony." (*Kennedy, supra*, 194 Cal.App.4th at p. 1491.) Therefore, the court reasoned, "Section 290 automatically applied to the felony offense and, upon his conviction therefor, imposed on defendant a lifelong obligation to register as a sex offender. . . . *When the trial court later granted defendant's 2010 motion to reduce the offense from a felony to a misdemeanor, the offense became a misdemeanor from that point on, not retroactively. [Citation.] Therefore, notwithstanding the authority of the trial court to subsequently reduce defendant's conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3), the trial court was not 'authorize[d] . . . to relieve . . . defendant of the duty to register as a sex offender pursuant to Section 290.'* (§ 17, subd. (e).)" (*Ibid.*, italics added.)

The *Kennedy* court further concluded, "[e]ven if we were to consider the statutory language of section 17, subdivision (e) to be ambiguous in light of the language of subdivision (b), a review of the legislative history supports

7

our analysis here. When section 17 was amended in 1998 to add in part subdivision (e), an analysis of the underlying assembly bill by the Assembly Committee on Public Safety stated that the bill '[p]recludes the court in reducing a felony to a misdemeanor from relieving a sex offender of his or her duty to register pursuant to Penal Code Section 290.' [Citation.] Thus, our construction promotes rather than defeats the general purpose of the statute." (*Kennedy, supra*, 194 Cal.App.4th at p. 1492.)

### *C. Analysis*

Manzoor appears to agree that subdivision (e) of section 17 did not relieve him of the obligation to register at the time the court reduced his felony conviction to a misdemeanor. He nevertheless contends that when "a court declares an offense to be a misdemeanor [pursuant to section 17], it becomes a misdemeanor for all purposes," and that he is "entitled to relief under the amended [section 290]." He reasons, "In its recent amendments, . . . the legislature has [] declared that misdemeanor 288.2 is not a registerable offense," and "[n]othing in 17(b) prevents one who now stands convicted of a misdemeanor from pursuing relief under the provisions of the statute." After reviewing sections 17 and 290 de novo to ascertain the Legislature's intent, we disagree with Manzoor's reading. (See *City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722 [standard of review for issues of statutory construction].)

Based on the plain language of section 17, subdivision (e), we agree with *Kennedy* that the reduction of a defendant's felony violation of section 288.2 to a misdemeanor pursuant to section 17, subdivision (b) does not affect the defendant's lifetime duty to register as a sex offender under section 290. (See *MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134

8

Cal.App.4th 1076, 1082 ["The Legislature's chosen language is the most reliable indicator of its intent"].) Subdivision (e) of section 17 makes clear that all that matters for purposes of a defendant's duty to register as a sex offender is the offense with which he or she was "charged" and "found guilty of by the trier of fact." (§ 17, subd. (e).) If it is "an offense for which registration as a sex offender is required pursuant to Section 290," subdivision (e) of section 17 expressly states that a trial court is not authorized to relieve the defendant from the registration requirements, even if the court has reduced the conviction to a misdemeanor pursuant to subdivision (b) of section 17. (*Id.*, subd. (e).)

The Legislature amended section 17 several years after *Kennedy* was decided in 2011, but it did not substantively alter those provisions of the statute construed in *Kennedy*. (Stats. 2022, ch. 734, § 2; § 17, subd. (e).) It also did not include any language in the 2021 amendments to section 290 indicating an intent to establish an exception to subdivision (e) of section 17. (§ 290.) " '[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction.' " (*City and County of San Francisco v. Strahlendorf* (1992) 7 Cal.App.4th 1911, 1915.)

Applying subdivision (e) of section 17 here, we conclude that the trial court did not err in finding that Manzoor was subject to lifetime registration under the current version of section 290. Manzoor was charged with and pleaded guilty to a felony attempted violation of section 288.2. Both the prior version and the current version of section 290 provide that a defendant convicted of a felony violation of section 288.2 is subject to lifetime sex offender registration. (§ 290, subds. (c)(1), (d)(3)(C)(x); see *id.*, former subd.

9

(c), as amended by Stats. 2018, ch. 423, § 52.) The trial court's reduction of Manzoor's felony conviction to a misdemeanor pursuant to section 17, subdivision (b)(3) did not eliminate his lifetime obligation to register because he was charged with and found guilty of "an offense for which registration as a sex offender is required pursuant to Section 290." (§ 17, subd. (e).) Subdivision (e) of section 17 therefore precluded the trial court from relieving Manzoor of his lifetime duty to register.

Manzoor presents no basis for departing from this conclusion. He argues that the phrase "a misdemeanor for all purposes" as used in section 17, subdivision (b) has been "repeatedly interpreted to be literally, 'for all purposes.'" However, our high court in *People v. Park* (2013) 56 Cal.4th 782 explained that "[t]he provisions of section 17(b) are not necessarily conclusive, . . . and the Legislature sometimes has explicitly made clear its intent to treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor." (*Id.* at p. 794.) "[W]e discern a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Id.* at p. 795.)

As we have already indicated, the Legislature has "specifically directed otherwise" for sex offender registration requirements by enacting subdivision (e) of section 17. (See *People v. Park, supra*, 56 Cal.4th at p. 795; see also *Kennedy, supra*, 194 Cal.App.4th at p. 1492 ["notwithstanding the authority of the trial court to subsequently reduce defendant's conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3), the trial court was not 'authorize[d] . . . to relieve . . . defendant of the duty to register as a

sex offender pursuant to Section 290' "].)  The cases Manzoor relies on as support for his argument are distinguishable because they do not involve a clear legislative exception to the requirement that an offense designated a misdemeanor under section 17 be considered a misdemeanor "for all purposes."  (§ 17, subd. (b); see, e.g., *People v. Moreno* (2014) 231 Cal.App.4th 934, 941, italics added ["A court's designation of an offense as a misdemeanor under section 17 is controlling 'for all purposes' thereafter, *unless the Legislature has indicated a clear intention to the contrary*. . . . The Legislature has not given any such contrary indication" regarding eligibility for a certificate of rehabilitation and pardon].)

Manzoor also asserts for the first time in his reply brief that a guilty plea is not the same as being "found guilty by the trier of fact", as that phrase is used in subdivision (e) of section 17, the implication being that subdivision (e) does not apply in this case to bar the court from relieving him of his lifetime duty to register under section 290 because his section 288.2 felony conviction was the result of a guilty plea.  It is well-established, however, that "[a] guilty plea is the 'legal equivalent' of a 'verdict'. . .and is 'tantamount' to a 'finding.' "  (*People v. Statum* (2002) 28 Cal.4th 682, 688, fn. 2; see *People v. Valladoli* (1996) 13 Cal.4th 590, 601 ["A guilty plea is, for most purposes, the legal equivalent of a verdict of guilty reached by a jury"].)  Accordingly, the *Kennedy* court found that the defendant, who had pleaded no contest to a felony violation of sections 664 and 288.2, was " 'charged with an offense . . . for which the trier of fact has found the defendant guilty.' " (*Kennedy, supra*, 194 Cal.App.4th at p. 1491.)

Read together, sections 17 and 290 support a conclusion that a person is "found . . . guilty" within the meaning of subdivision (e) of section 17 when he or she has pleaded guilty.  (See *Mason v. Retirement Board* (2003) 111

11

Cal.App.4th 1221, 1229 ["[W]e must ' "construe every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness" ' "].) Section 290 requires a defendant to register as a sex offender whenever he or she has been "convicted" of a registerable offense. (§ 290, subd. (c)(1).) As *Kennedy* recognized, California Supreme Court authority holds that section 290's registration requirements apply " ' "automatically" ' " to a defendant " ' "convicted" ' " of any of the enumerated offenses. (*Kennedy, supra*, 194 Cal.App.4th at p. 1491, citing *Wright v. Superior Court, supra*, 15 Cal.4th at p. 527.) A person is generally "convicted" when he or she is "adjudicated guilty," and this may occur either through a verdict or through a plea. (*People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034.) Our high court has further held that the reduction of a misdemeanor to a felony under section 17 does not apply retroactively. (*People v. Feyrer* (2010) 48 Cal.4th 426, 439, citing *People v. Banks* (1959) 53 Cal.2d 370, 387–388, superseded by statute on another ground as stated in *People v. Park, supra*, 56 Cal.4th at pp. 791–793.) Thus, in enacting subdivision (e) of section 17, it appears that the Legislature intended to clarify that whenever a defendant has been adjudicated guilty of a registerable felony—whether through a verdict or through a plea—section 290 automatically imposes on the defendant a mandatory duty to register that cannot be avoided through the subsequent reduction of the felony conviction to a misdemeanor pursuant to section 17, subdivision (b).

Even if this statutory language is ambiguous, an interpretation that section 17, subdivision (e) applies to all cases where the defendant has been adjudicated guilty of an offense for which he or she is required to register under section 290 "promotes rather than defeats the general purpose of the statute" to " '[p]reclude[] the court in reducing a felony to a misdemeanor

from relieving a sex offender of his or her duty to register pursuant to Penal Code Section 290.' " (*Kennedy, supra*, 194 Cal.App.4th at p. 1492.)  To hold otherwise would draw an arbitrary line between defendants who have pled guilty or no contest and defendants found guilty by a jury, which is an absurd result.  (See *People v. Jenkins* (1995) 10 Cal.4th 234, 246 ["We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences"].)

In sum, we are not persuaded by Manzoor's argument that the amendments to section 290 reflect a legislative intent to relieve a defendant whose felony conviction of section 288.2 has been reduced to a misdemeanor pursuant to section 17 from the lifetime obligation to register.  Under both the current version and the pre-2021 version of section 290, a felony conviction of section 288.2 requires lifetime registration, and misdemeanor violations of section 288.2 are not mentioned.  (§ 290, subds. (c)(1), (d)(3)(C)(x); see *id.*, former subd. (c), as amended by Stats. 2018, ch. 423, § 52.)  And subdivision (e) of section 17 continues, both before and after the amendments to section 290, to prohibit a court from "reliev[ing] a defendant of the duty to register as a sex offender pursuant to Section 290" where the "defendant is 'charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty.' " (*Kennedy, supra*, 194 Cal.App.4th at pp. 1491–1492.) Because Manzoor was adjudicated guilty of an offense for which lifetime registration as a sex offender is required, the trial court did not err in denying his petition for relief from the registration requirements.

13

### III.   DISPOSITION

The order denying Manzoor's petition for relief from the sex offender registration requirements is affirmed.

BOWEN, J.[*]


WE CONCUR:



HUMES, P. J.




BANKE, J.











A164739P




---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Superior Court of Alameda County

The Honorable Dennis L. McLaughlin

Counsel:

Innocence Legal Team, William P. Daley for Defendant and Appellant.


Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General and Melissa A. Meth, Deputy Attorney General for Plaintiff and Respondent.

Court of Appeal, First Appellate District, Division One - No. A164739

**S282382**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

_____

THE PEOPLE, Plaintiff and Respondent,

v.

JUNAID MANZOOR, Defendant and Appellant.

_____

The petition for review is denied.
The request for an order directing depublication of the opinion is denied.

(See Concurring Statement by Groban, J.)

_____/s/_____
*Chief Justice*

PEOPLE v. MANZOOR

S282382


Concurring Statement by Justice Groban


I agree with my colleagues that this is not an appropriate case in which to grant review, but I write separately to invite the Legislature to consider whether it is appropriate to enact a statutory solution to the issue at hand. In April 2006, defendant Junaid Manzoor pleaded guilty to a felony attempt to distribute harmful matter to a minor in violation of Penal Code[1] sections 664 and 288.2. The trial court suspended imposition of his sentence and placed him on probation for three years with a 90-day jail term. As a result of his felony conviction, defendant was required to register as a sex offender for life pursuant to former section 290, subdivision (a)(2)(A). (See *People v. Manzoor* (2023) 95 Cal.App.5th 548, 551 (*Manzoor*), citing former § 290, subd. (a)(2)(A), as amended by Stats. 2005, ch. 722, § 3.5, p. 5888.)

In February 2020, nearly 14 years after his conviction and well after he completed probation, defendant successfully petitioned the trial court to exercise its discretion to reduce his conviction to a misdemeanor under section 17, subdivision (b) and to dismiss his case pursuant to section 1203.4. (See *Manzoor, supra*, 95 Cal.App.5th at p. 552.)

Thereafter, effective January 1, 2021, the Sex Offender Registration Act (§ 290 et seq.) was amended by the Legislature to provide for a tiered system of registration periods that depend on the offense for which the defendant was convicted. (See

---

[1]     All undesignated section references are to the Penal Code.

1

Stats. 2017, ch. 541, § 2.5; Stats. 2018, ch. 423, § 52; Stats. 2020, ch. 79, § 2.) Under the amended version of section 290, a defendant who is convicted of a "felony violation of Section 288.2" is considered a "tier three offender" and still subject to lifetime registration. (§ 290, subds. (c)(1), (d)(3); see *id.*, (d)(3)(C)(x).) "[T]he current version of the statute does not expressly mention misdemeanor violations of section 288.2." (*Manzoor, supra,* 95 Cal.App.5th at p. 554.) However, under section 290.006, "[a]ny person . . . who is not required to register pursuant to Section 290" (*id.*, subd. (a)) can only be required to register for life if the court finds, upon consideration of certain statutorily enumerated factors, including his or her behavior before and after conviction and his or her present risk of reoffense, that lifetime registration is appropriate (*id.*, subd. (c)).

In other words, if defendant were convicted today of a misdemeanor violation of section 288.2 (as opposed to having his felony conviction reduced to a misdemeanor), he would not be subject to a mandatory lifetime registration requirement. Instead, in such a situation, lifetime registration is only permissible if the court considers specific factors, including "[t]he person's current risk of sexual or violent reoffense" (§ 290.006, subd. (c)(5)), and states its reasoning for requiring lifetime registration on the record. (See generally § 290.006.) Where a defendant, like the defendant here, has successfully completed a term of probation and a trial court has determined (over 10 years later) that his or her felony conviction under section 288.2 should be reduced to a misdemeanor and the case dismissed, that same court would seem well positioned to assess whether ongoing registration is warranted. Indeed, after exercising its discretion to reduce defendant's sentence to a misdemeanor, it seems unlikely that the court would also

2

conclude that lifetime registration is required. (Cf. *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 980–982 [in exercising its "broad authority" to reduce a felony to a misdemeanor under § 17, subd. (b), the court must engage in "an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration"].)

The problem for defendant is that he was not *initially* convicted of a misdemeanor violation of section 288.2. He was convicted of a felony violation of section 288.2 that was only subsequently *reduced* to a misdemeanor. In this unique procedural posture, the Court of Appeal concluded that section 17, subdivision (e) prohibits a trial court from relieving a section 288.2 defendant of his or her lifetime registration requirement. (*Manzoor, supra*, 95 Cal.App.5th at pp. 556–558; see § 17, subd. (e); accord, *People v. Kennedy* (2011) 194 Cal.App.4th 1484, 1492.) However, just as the *Kennedy* court encouraged the defendant therein to "seek redress by asking the Legislature to amend the statute" (*Kennedy*, at p. 1492), I similarly encourage the Legislature to consider whether an individual in defendant's position should at least have an opportunity to seek relief from lifetime registration as a sex offender. To be clear, such a statutory change would not mean that defendant would automatically be free from lifetime registration, but only that a court would make a case-specific determination that lifetime registration is warranted, just as a court would for a section 288.2 misdemeanant sentenced today. Since the Legislature has determined that a section 288.2 misdemeanant cannot be required to register for life unless certain enumerated factors are considered, I do not see why the unique procedural posture of defendant's case should prevent him from seeking the very

same consideration. (See *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 893 (dis. opn. of Werdegar, J.) ["Registration under section 290 carries with it not only the onerous . . . registration requirements themselves, but also significant stigma and severe restrictions on residence choice"]; *People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1483 ["[W]hile sex offender registration is not considered a form of punishment under the state or federal Constitution, it nevertheless imposes a ' "substantial" ' and ' "onerous" ' burden on the registrant"].)

**GROBAN, J.**